UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SECURITIES AND EXCHANGE COMMISSION | § |  |
|---|---|---|
| Plaintiff, | § § § § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0438-B |
| RYAN REYNOLDS, ET. AL. | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Having considered Plaintiff Securities and Exchange Commission's ("SEC") Motion to Amend Complaint to add claims and parties (doc #131), Defendants Jason Wynn and Wynn Industries, Inc.'s (collectively "Wynn") Response, SEC's Reply, and all arguments in support and opposition, the Court finds the Motion meritorious and it is therefore GRANTED.

SEC filed its Original Complaint in this matter on March 13, 2008 alleging violations of Sections 5(a), 5(c), and 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder based on Defendants' alleged participation in a penny stock scheme involving a company called Beverage Creations, Inc. The Court entered a Scheduling Order, largely congruous with the parties' requested deadlines, providing that amended pleadings were due by September 18, 2008 with discovery to close on November 30, 2009 and dispositive motions due by December 11, 2009. After the Court granted an extension of the deadline to amend pleadings, SEC timely filed the instant Motion for Leave to Amend the Original Complaint seeking leave to add three new defendants and new factual allegations.

The proposed new defendants are three entities, each of which is alleged to be wholly owned by each of the three current individual defendants Mssrs. Reynolds, Fleming, and Wynn. The new factual allegations relate to the current Defendants and new proposed defendants' involvement with stock sales of three companies--My Vintage Baby, Alchemy, and Connect-a-Jet in schemes SEC intends to argue are similar to the currently alleged BCI scheme. Defendants Wynn and Wynn Industries are the only Defendants that submitted an opposition to the proposed amended complaint. Wynn argues that SEC should not be allowed to amend the complaint because it knew of the facts that purportedly support the new allegations/defendants when it filed its Original Complaint and allowing the new complaint would violation the letter and spirit of the Federal Rules of Evidence. The Court disagrees.

"The court should freely give leave [to amend the Complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15(a) "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Thus the Court must possess a substantial reason to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought [to amend] should, as the rules require, be 'freely given.'…Outright refusal to grant the leave without any justifying reason appearing for the denial is inconsistent with the spirit of the Federal Rules.").

Wynn's argument that SEC should have brought its new allegations earlier is not well-taken.

SEC met the deadline set by this Court to move to amend pleadings. Just because SEC may have been investigating Wynn's activities with My Vintage Baby, Alchemy, and Connect-a-Jet prior to the initiation of the instant matter, SEC was not obliged to bring claims arising out of that investigation by some certain time period determined by Wynn. Wynn does not directly allege that the allegations are baseless, frivolous, or otherwise brought in a manner that might imply bad faith. Wynn also does not allege that these claims are unrelated to the current case or that there is not a substantial overlap in the parties allegedly involved with My Vintage Baby, Alchemy, and Connect-a-Jet and with the BCI scheme. The Court finds no inherent bad faith in SEC timely seeking to add claims prior to the deadline in this matter. In fact, the Court finds it most efficient and economic to try all claims against Defendants in one suit.

Wynn's argument that allowing this amendment somehow circumvents Federal Rules of Evidence 404(b) and 403 reads like a motion-in-limine and is nonsensical and inappropriate at this time. SEC is not seeking to just add extra facts to the Complaint related to My Vintage Baby, Alchemy, or Connect-a-Jet to bolster its current claims regarding BCI. SEC seeks to add claims of additional violations of federal law based on Wynn's involvement with the three new companies. SEC will have to prove each of its claims regarding each of the four companies. The Court cannot see how the Rules of Evidence remotely preclude SEC from amending its complaint to add new claims.[1]

Further, considering that discovery is ongoing in this matter and will be open for almost one

---

[1] To the extent that Wynn implies that SEC is bringing unwarranted claims and contentions merely for the purpose of bolstering weak claims, the Court views that as a serious charge that SEC counsel have violated their ethical obligations under Federal Rule of Civil Procedure 11(b). If Wynn really intends to make such a charge, it should do so by way of separate motion, not flippantly and without substantial support.

more year, the Court finds no prejudice to Wynn by the timing of the SEC's addition of facts, claims, or defendants. Wynn does not explain how it has been prejudiced by any delay. The only prejudice Wynn arguably alleges is that it will be forced to defend against allegations about its involvement with four different companies, instead of just one, in the same lawsuit. The Court is unconvinced that confusion will ensue simply because there are effectively now four alleged stock schemes instead of one.

For all of these reasons, the Court finds no substantial reason to deny SEC's Motion for Leave to Amend. SEC has three (3) business days from the date of entry of this Order to file its Amended Complaint.

**SO ORDERED.**

**Dated: December 19, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE