UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:08-CV-0438-B |
| v. | § § | ECF |
| RYAN M. REYNOLDS, et al., | § § | |
| Defendants. | § | |

**BRIEF IN OPPOSITION TO THE SEC's MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT RYAN REYNOLDS SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Pursuant to this Court's request for briefing from the parties [Doc 246], Defendant Ryan M. Reynolds (Reynolds) files this Brief in opposition to the SEC's Motion for Order to Show Cause Why Defendant Ryan Reynolds Should Not Be Held in Contempt of Court [Doc 219], and would show as follows:

1. Pleadings -- Reynolds is only alleged to have sold unregistered securities under §5. He is not being sued for securities fraud as are some of the other defendants. There are exemptions to the registration requirements. Basically, Reynolds asserts that exemptions to registration are applicable while the SEC asserts they are not.

2. Specificity -- Rule 65(d) requires that an injunction or restraining order describe in reasonable detail the act or acts restrained or required. Such

1

requirements are considered more than mere technical requirements, and are designed to prevent uncertainty and confusion on the part of those faced with injunctive orders. Such requirements also perform a second important function. Unless the trial court carefully frames its orders of injunctive relief, it is impossible for an appellate tribunal to know precisely what it is reviewing. *Schmidt v. Lessard*, 414 U.S. 473, 94 S.Ct. 713, 38, 38 L.Ed.2d 661 (1974). Broad, nonspecific language that merely enjoins a party to obey the law or comply with an agreement, however, does not give the restrained party fair notice of what conduct will risk contempt. *Louis W. Epstein Family Partnership v. Kmart Corp.*, 13 F.3d 762, 771 (3rd Cir. 1994).

3. The asset freeze order at issue enjoins Reynolds from "indirectly" encumbering the condominium "in any manner." (Doc 10, p. 5) The SEC in its Supplemental Submission in Support of its Motion for a Rule to Show Cause Regarding Defendant Ryan Reynolds (Doc 241) argues that the prohibition is broad. The SEC notes that the term "indirectly" as being defined by the courts as meaning "circuitous, oblique; not leading to an aim or result by the plainest cause or method or by obvious means; round about; not resulting directly from an act or cause, but more or less remotely connected with or growing out of it," citing *Maryland Cas. Co. v. Scharlack*, 31 F.Supp. 932, 933 (S.D. Tex. 1939).

4. The SEC then argues that the language at issue is even broader because of the phrase "in any manner." The SEC cites *Geiger v. IRS*, Case No. 05-

87505, 2008 WL 1902048, @ *4 (C.D. Ill. Bankr. Apr. 28, 2008) for the proposition that the modifying phrase, "in any manner" commands an expansive interpretation and encompasses a broader range of conduct.

5. Furthermore, it has been held, that the words directly or indirectly do not provide a specific understanding of the restrictions that must be followed. The word indirectly could be construed to encompass any action. *Newfound Management Corp. v. Sewer*, 34 F.Supp.2d 305, 315 (D.C. VI 1999).

6. Therefore, the lack of specificity in the asset freeze order at issue here precludes this Court from finding Reynolds in contempt.

7. The SEC cannot have it both ways. The Order cannot be written so that it is interpreted so broadly that any and all conduct is covered and yet also claim it is specific enough to place Reynolds on notice of the specific conduct on which he must be aware is prohibited and subject to contempt.

8. Texas Property Taxes -- Texas law is well settled that a tax lien attaches to property on January 1st of each year to secure the payment of all taxes, penalties and interest ultimately imposed for the year on that property. TEX. TAX CODE ANN. §32.01 (Vernon's 1992).

9. Reynolds purchased the condo in early 2008. Taxes for 2007 were paid prior to or at closing.

10. Therefore, the 2008 property taxes for the condo, which would not be assessed and the amount set until approximately October of 2008 and would not be

due and payable until January of 2009, would still have a lien attached to the property for the 2008 property taxes since January 1, 2008.

11. According to the SEC a person in Reynolds' situation would be in contempt as of January 1, 2008 even though he could not know the amount of the taxes, or be able to pay the taxes for almost a year.

12. At the hearing with Magistrate Toliver, she indicated that she, although with limited time, could find no case authority involving a similar situation with contempt alleged based upon real property taxes as an encumbrance. Counsel for Reynolds has researched the issue and has also been unable to find any authority directly on point.

13. Bankruptcy -- The Order (Doc 44) agreed that the Reynolds condominium is the asset that will be frozen and that such condominium is acceptable to the SEC. The condominium has been frozen for almost three years during changes in economic circumstances which can happen from time to time. The SEC has noted (Doc 237) that the condominium has lost value and has been sold by agreement of the parties. Reynolds has filed bankruptcy. But such result has been more a product of the economic situation than anything else. It would be a completely different situation if the real estate market were on the rise. Reynolds should not be the one to bear the full effect of an agreement of all parties to use a luxury condominium as the asset to freeze.

## CONCLUSION

Reynolds respectfully requests this Court deny Plaintiff's Motion.

Dated: March 1, 2011          Respectfully Submitted,

By:   /s/ David A. Carp
**David A. Carp**
State Bar No. 03836500
**Herzog & Carp**
P. O. Box 218845
Houston, Texas 77218-8845
713.781.7500  Phone
713.781.4797  Fax

LEAD COUNSEL FOR DEFENDANT
RYAN REYNOLDS

**CERTIFICATE OF SERVICE**

This is to certify that on March 1, 2011 I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

    Jonathan S. Polish, Esq.
    Linda T. Ieleja, Esq.
    Tim Leiman, Esq.
    Lori Vass, Esq.
    US Securities & Exchange Commission
    175 W. Jackson Blvd - Suite 900
    Chicago, IL 60604

    David R. Clouston, Esq.
    Christopher R. Richie, Esq.
    Shana L. Burleson, Esq.
    Sessions, Fishman, Nathan & Israel LLP
    900 Jackson Street - Suite 440
    Dallas, TX 75202

                                               /s/  David A. Carp
                                                  David A. Carp