UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-438-B |
| RYAN M. REYNOLDS, et al., | § § § | |
| Defendants. | § | |

## ORDER VACATING ORDER DIRECTING RYAN M. REYNOLD'S INCARCERATION

This Court previously found Defendant Ryan M. Reynolds ("Reynolds") in civil contempt for his violation of the Court's asset freeze on March 16, 2011 and ordered his incarceration for failure to purge his contempt on March 31, 2011. Reynolds continues to assert that he is unable to pay the $909,338.79 required in order to purge his contempt. In support of this contention, he has submitted various documents regarding his financial transactions and contends that there is no other information which he can provide. *See*, *e.g.*, 2d Supplemental Submission Sept. 19, 2011. Although a party seeking to establish the defense of impossibility has the burden of proving such defense, "each passing month of incarceration strengthens [a contemnor's] claim of impossibility." *United States v. Jenkins*, 760 F.2d 736, 740 (7th Cir. 1985) (citing *Maggio v. Zeitz*, 333 U.S. 56, 76 (1948)). Further, civil contempt sanctions are intended to compel compliance with the Court's orders and are inappropriate once they lose their coercive effect. *See*, *e.g.*, *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1530 (11th Cir. 1992).

Given the passage of time since Reynolds' initial incarceration, the Court finds that incarceration of Reynolds no longer has sufficient coercive effect to justify its continuation. Further,

the SEC concedes that incarceration is no longer merited. SEC Response Oct. 4, 2011. Accordingly, the Court hereby **VACATES** its March 31, 2011 Order Directing Ryan Reynold's Arrest and Incarceration. The Court also **VACATES** its March 16, 2011 Memorandum Opinion and Order to the extent the Order states that Reynolds will be incarcerated for failure to pay the required $909,338.79. Reynolds is hereby **ORDERED** to be released from federal prison and shall no longer be incarcerated pursuant to his civil contempt.[1]

The Court declines, however, to vacate its March 16, 2011 Order as to the Court's other findings, including the Court's finding that Reynolds is in civil contempt due to his violation of the Court's asset freeze. The Court previously ordered Reynolds to submit an accounting to establish his impossibility defense, setting forth detailed requirements so that the Court might assess his inability to pay the required amount. Order Apr. 18, 2011. Though Reynolds continues to supply the Court with additional information regarding his various assets and transactions, each additional submission describes more assets previously unaccounted for yet fails to account for the whereabouts of a substantial portion of the assets Reynolds had at the time of the asset freeze. These submissions clearly do not meet the requirements of the Court's April 18, 2011 Order and do not satisfy Reynold's burden of showing impossibility. Further, this Court has previously determined that Reynolds was not a credible witness and that the SEC's evidence strongly inferred that Reynolds sought to hide millions of dollars in assets. *See* Mem. Op. Mar. 16, 2011 at 13-14. Given these previous findings, Reynolds' deficient accounting, and the fact that Reynolds bears the burden of

---

[1] The Court notes that Reynolds is currently being prosecuted in a criminal case in the U.S. District Court for the Southern District of Florida, Case No. 1:11-cr-20131-JEM-9. The Court expresses no opinion as to whether Reynolds may or should be detained pursuant to prosecution of that case.

proving his impossibility defense, the Court declines to disturb its previous order finding Reynolds in contempt despite his claim of inability to pay the required amount.

**SO ORDERED**.

SIGNED: October 13, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE