UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 3:08-CV-0438-B |
| RYAN M. REYNOLDS, *et al.*, | | |
| Defendants. | | |

### FINAL JUDGMENT AS TO DEFENDANTS CARLTON FLEMING, REGUS INVESTMENT GROUP, LLC AND THOMAS WADE INVESTMENTS, LLC

This matter coming to be heard on Plaintiff United States Securities and Exchange Commission's Motion for Relief and Final Judgment against Defendants Carlton Fleming, Regus Investment Group, LLC and Thomas Wade Investments, LLC, proper notice having been given, the parties having fully briefed the motion, such defendants having previously consented to the permanent injunction set forth in Section I below, evidence having been submitted with respect to the remaining relief ordered herein, and the Court having considered the matter, the Court finds that final judgment should be granted for the reasons set forth in the Commission's motion and supporting documents and as discussed in this Court's Memorandum Opinion and Order dated July 11, 2013.  Accordingly it is ORDERED, ADJUDGED and DECREED that final judgment is granted against Defendants Carlton Fleming, Regus Investment Group, LLC and Thomas Wade Investments, LLC on Count I of the Amended Complaint.  It is further ORDERED as follows:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants Carlton Fleming, Regus Investment Group, LLC and Thomas Wade Investments, LLC and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Carlton Fleming, Regus Investment Group, LLC and Thomas Wade Investments, LLC are barred

from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, for the period of seven (7) years. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Carlton Fleming, Regus Investment Group, LLC and Thomas Wade Investments, LLC, jointly and severally, shall pay disgorgement of ill-gotten gains in the amount of $8,248,188, representing profits gained as a result of the conduct alleged, together with prejudgment interest thereon in the amount of $1,840,544, for a total of $10,088,732. Defendants shall satisfy this obligation by paying $10,088,732 to the Securities and Exchange Commission within 14 days after the entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Carlton Fleming is ordered to pay penalties amounting to $650,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant Carlton Fleming shall make such payment within 14 days after the entry of this Final Judgment. Defendant Carlton Fleming shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. Pursuant to Rule 54(b), there is no just reason for delay.

SO ORDERED.

DATED: July 11, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE